UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **RODNEY TYREE HICKS-BEY** and **SHANTAE HICKS-BEY ESTATE,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PETER GOODSTEIN,** *et al.***,**<br><br>Defendants. | 2:23-CV-10771-TGB-EAS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

Rodney Tyree Hicks-Bey, an individual without a lawyer, has filed a complaint, asserting a variety of claims against the Genesee County Treasurer, her administrative assistants, and a municipal lawyer arising from state-court tax foreclosure proceedings brought against him and his property. ECF No. 1. Hicks-Bey has also filed an application to proceed as a pauper. ECF No. 2. The case is before the Court for a review of that application and an initial screening of Hicks-Bey's complaint. For the reasons explained below, Hicks-Bey's application to proceed as a pauper will be **GRANTED**, and his complaint will be **DISMISSED.**

I. Application to Proceed as a Pauper

Hicks-Bey has filed an application to proceed in forma pauperis— that is, without prepaying filing fees. *See* 28 U.S.C. § 1915(a)(1). The affidavit accompanying the application states that Hicks-Bey has no income and not much in savings. ECF No. 2. This affidavit adequately

1

shows that Hicks-Bey is indigent, so the Court will **GRANT** the application and allow his complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990).

## II.  Initial Review of Complaint

Once an in forma pauperis complaint has been filed, the Court must review it to ensure it is not frivolous or malicious, plausibly states a claim for relief, and does not seek monetary relief against defendants immune from such relief. 28 U.S.C. § 1915(e)(2).

The complaints of litigants without lawyers are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, all litigants must comply with Federal Rule of Civil Procedure 8(a), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). Rule 8 does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint is considered "frivolous" if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Hicks-Bey's complaint concerns state-court tax foreclosure proceedings. ECF No. 1. It is replete with references to his status as a "Moorish American" and consists largely of cut-and-paste snippets of case law and citations to a panoply of treatises and legal documents. It names

the Genesee County Treasurer, her administrative assistants, and a municipal lawyer as defendants. *Id.* at PageID.2-3. Hicks-Bey invokes 42 U.S.C. § 1983 and several federal criminal statutes, generally charging that the defendants "conspired to defraud [him] out of his property" and "played a role in placing [his] property under Color of Michigan State tax laws when [he is] not nor [has he] ever been property of the State of Michigan." *Id.* at PageID.3-4. As relief, Hicks-Bey asks for ".9999 bullion gold or silver for each of my rights violated and each individual criminally charged [for] their participation in these acts of [treason] against the Constitution." *Id.* at PageID.5.

Any argument that Hicks-Bey is sovereign and beyond the jurisdiction of the State of Michigan or the United States is frivolous. *See United States v. Amir*, 644 F. App'x 398, 399 (6th Cir. 2016) (rejecting criminal defendant's attempts "to argue that he is not a citizen of the United States, but a citizen of the 'Republic of Ohio,' to whom our federal courts' jurisdiction does not apply"); *see also Bey v. State*, 847 F.3d 559, 559-60 (7th Cir. 2017) (noting that courts have repeatedly rejected arguments that individuals of alleged Moorish origin cannot be subject to state taxes in the absence of a contract); *McCormack v. Hollenbach*, No. 3:18-CV-P617-RGJ, 2019 WL 360522, at *2 (W.D. Ky. Jan. 29, 2019) ("Sovereign citizen arguments are recognized as frivolous and a waste of court resources." (internal quotations omitted)). His complaint contains no other facts about the foreclosure proceedings he attempts to challenge.

3

Moreover, the *Rooker-Feldman* doctrine deprives this Court of authority to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments," such as the state-court tax foreclosure judgment Hicks-Bey appears to complain of here. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). And Hicks-Bey cannot assert a private right of action under the federal criminal statutes he lists in his complaint. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")

### III. Conclusion

For the reasons explained above, Hicks-Bey's request to proceed in forma pauperis is **GRANTED**. His complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**, this 1st day of May, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

4